UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| M&M VENTURES (2014) LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No.: 22-cv-206<br><br>Judge: Martha M. Pacold |

## DEFENDANTS YUEXU AND HUAGU'S OBJECTION TO PLAINTIFF'S TEMPORARY RESTRAINING ORDER

COME NOW Defendants Yuexu and Huagu (hereinafter referred to as "Moving Defendants" or "Defendants"), and in support of their objection to Plaintiff's temporary restraining order, state as follows:

### INTRODUCTION

Plaintiff has filed alleged trademark infringement complaint in this district against Moving Defendants, who are innocent sellers for selling rummy games using another registered trademark authorized by the right holder Shengzhou Kaile Entertainment Products Co., Ltd. (hereinafter "Kaile"). Plaintiff is suing Defendants for selling counterfeit RUMMIKUB products. Yet, USPTO has already decided that

1

there were no conflicting marks and consequently issued the mark (Registration # 6,271,170). Moving Defendants do not understand how they can allegedly infringe Plaintiff's trademark while using another registered trademarks on the products.

## STANDARD FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ORDER

The standards for granting a temporary restraining order and a preliminary injunction are the same. *Cassell v. Snyders*, 458 F. Supp. 3d 981, 987 (N.D. Ill. 2020). Preliminary injunction requires Plaintiff to show 1) that it is reasonably likely to succeed on the merits; 2) that no adequate remedy at law exists; 3) that it will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and 4) the injunction will not harm the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir.2010).

Plaintiff is not reasonably likely to succeed on the merits of the case because Moving Defendants have very strong defenses. Plaintiff fails to show that there is irreparable harm to the Plaintiff and that the balance of harms favors the Plaintiff. To the contrary, Moving Defendants' harm is unfairly more substantial than what Plaintiff alleged to suffer because, while relying on valid registered U.S. trademark, Moving Defendants' normal business activities online will affected by Plaintiff's injunction, which is harmful to the sale of Moving Defendants' products and would have caused great economic loss to Moving Defendants.

I. PLAINTIFF IS NOT REASONABLY LIKELY TO SUCCEED ON THE MERITS

A plaintiff must prove that the defendant's use of a protected mark is likely to cause confusion among consumers in order to prevail in a trademark infringement case. *Phoenix Entm't Partners v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016). Mere "allegations of consumer confusion in a trademark suit, just like any other allegations in any other suit, cannot save a claim if they are implausible. " *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014).

An affirmative defense of fair use, available to a party whose use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin. <u>KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc</u>., 543 U.S. 111, 114, 125 S. Ct. <u>542, 545 (2004)</u>. A party raising the fair-use affirmative defense to a claim of trademark infringement did not have a burden to negate any likelihood that the practice complained of would confuse consumers about the origin of the goods or services affected. *Id*. To prevail on a fair use defense, a defendant must show that: (1) it did not use the mark as a trademark; (2) the use is descriptive of its goods or services; and (3) it used the mark fairly and in good faith. The fair use defense is available even against federally registered trademarks that are incontestable. *Sorensen v. WD-40 Co*., 792 F.3d 712, 717 (7th Cir. 2015). In the context of the fair use defense, a word or phrase functions as a trademark when it is used by a source of a product to identify itself to the public as the source of its product and to create in the

3

public consciousness an awareness of the uniqueness of the source and of its products. *Id*.

Here, Plaintiff is not reasonably likely to succeed on the merits of the case as Plaintiff fails to show that Moving Defendants' use of the protected mark is likely to cause confusion among consumers and that Defendants have a fair use defense.

    i.    The Image Mark

In fact, Moving Defendants are justified in selling products under another *registered trademark* (Registration # 6,271,170) (the '170 mark). After Kaile submitted the trademark application for the '170 mark on July 10, 2020, USPTO conducted a full search and did not find any similar marks. USPTO thereafter published this mark for opposition on TRADEMARK OFFICIAL GAZETTE on December 01, 2020. This application is not opposed and is then officially registered on the principal register on February 16, 2021. To this date, this mark is subsisting and in full force.

On the registration certificate, it clearly shows an image mark, which is a "smiling face with a grin, showing a 'e' tongue and a blush on the cheeks, and with two circles around the periphery, one thick and one thin". *See* Exhibit A. For convenience purpose, Moving Defendants are attaching the screenshot below:



Registration Certificate of the '170 Mark

The owner of this mark authorized both Defendants to use the mark since June 2021. *See* Declaration of the '170 Mark Owner.

Even if the '170 mark is invalid, there is no confusion between Plaintiff's mark and Defendants' products because Plaintiff's mark is registered for "Computer software," whereas Defendants' products are "Backgammon games" "Bingo cards", "Board games", etc. Defendants' application of the smiley face image to card games is not used as a trademark on computer games or computer software. These two images are used in totally different classes, which are not even remotely related to each other as infringement purposes.

Even if there is any relationship between Plaintiff's goods and Defendants' goods, the marks are substantially different. Defendants' mark is a "smiling face with a grin, showing a 'e' tongue and a blush on the cheeks, and with two circles around the periphery, one thick and one thin" while Plaintiff's mark is "closed mouth and serious eyes with one circle around the periphery". The two image marks are not similar in appearance and are significantly different, nor are they generally considered by the relevant public to be specifically related, and therefore they do not constitute similar marks.

  

Defendants' Mark           Plaintiff's Mark

ii. The Word Mark

Moving Defendants have not infringed the word mark by selling the products online, nor has any word related to "RUMMIKUB" appeared in the product title and description.

In fact, Defendants' use of the word "Rummy" constitutes fair use as rummy tile refers to a game combining elements of the card game rummy and mahjong.

Defendant Yuexu's store front is show below and also attached as Exhibit B.



Defendant Yuexu's Store Front

Defendant Huagu's Store Front is shown below and attached as Exhibit C.

7



Defendant Huagu's Store Front

Neither Defendant used the word Rummy as a trademark. As indicated on their respective store front, Defendant Yuexu's product page clearly indicated that the product brand is Yuexu. Defendant Huagu's product page also clearly indicated that the brand is Pureplay. Rummy is used in a sentence to describe the goods, which is the rummy tile board game. Defendants did not use the words "rummy game" to describe the source of the products because the word "rummy" does not appear prominently in a different font compared to the rest of the product descriptions.

Defendants understand that Plaintiff has used so-called key word search to look for vulnerable sellers like Defendants by typing in "rummy" to locate Defendants'

8

stores. However, registration of "rummikub" does not grant Plaintiff the monopoly to exclude other from using the word "rummy" when describing the rummy game.

According to Dictionary.com, rummy is "any of various card games for two, three, or four players, each usually being dealt seven, nine, or ten cards, in which the object is to match cards into sets and sequences."

https://www.dictionary.com/browse/rummy.



Merriam-Webster similarly defines "rummy" as "any of several card games for two or more players in which each player tries to assemble groups of three or more cards of the same rank or of consecutive sequence in the same suit and to be the first to meld them all. " https://www.merriam-webster.com/dictionary/rummy.



People have been playing Rummy Game all over the world for centuries. *See* Exhibit D. https://www.rummypassion.com/rummy-wiki/rummy-history. People, just like Defendants, have widely referred to the product as Rummy games. *See* Exhibit E. https://boardgamegeek.com/thread/759644/rummy-style-games. Rummy is simply "group of matching-card games notable for similar gameplay based on matching cards of the same rank or sequence and same suit." *See* Exhibit F. https://en.wikipedia.org/wiki/Rummy. Rummy is just one type of card games, among all card games. *See* Exhibit G. https://www.pagat.com. There are various other brands owners who also sell rummy games, such as Cardinal, *See* Exhibit H, Schmidt, *See* Exhibit I, and Pacific Game, *See* Exhibit J.

There is no alternative word to call an apple. Just like others, Defendants are using "rummy" to describe the rummy game fairly and in good faith. There is literally no alternative to call such a game in a different way. In fact, if Defendants use different languages to describe this product, people will be confused.

Therefore, Defendants are not infringing Plaintiff's image or word mark.

II. PLAINTIFF FAILS TO SHOW IRREPARABLE HARM

A Court's authority to issue a prejudgment asset restraint based on the equitable remedy of accounting of profits is "illusory" if the plaintiff in fact pursues statutory damages as a basis for judgment. *Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 13 C 07621, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013).

Here, since Plaintiff's Complaint indicates that it is seeking three times all profits realized by Defendants *or in the alternative* statutory damages in the amount of not less than $1,000 and not more than $2,000,000.00 per each and every use of its trademarks [ECF No. 1, page 15], Plaintiff is not genuinely seeking an accounting of profits as a basis for judgments. Therefore, Plaintiff lacks the accounting-of-profits-based remedy of a prejudgment asset restraint and therefore faces no irreparable harm related to such.

## III.  BALANCE OF HARDSHIPS FAVOR DEFENDANTS

Plaintiff's Preliminary Injunction Order requires third party platforms such as Amazon.com to remove all products at issue and freeze all assets, whether from the profit of the products at issue or other products, even though many of Moving Defendants' items are completely unrelated to RUMMIKUB brand. Defendants use the registered trademark on the products they sell, there is no infringement of Plaintiff's trademark rights. Plaintiff cannot prohibit Defendants' normal sales and promotional activities just because Defendants' image mark and Plaintiff's image mark are merely two round face expressions that do not resemble each other at all. Moving Defendants cannot withdraw a single dollar out of its account for profits made even for unrelated products sales, just because Plaintiff believes that Defendants' trademark infringes, but in fact it does not.

## IV.  THE INJUNCTION WILL HARM PUBLIC INTEREST

The public has the right to choose the brand of products they purchase. The injunction against Defendants, who reasonably and lawfully use the registered

trademark for sale, not only harmed Defendants' trademark right, but also violated the public's right to choose their own preferred brand.

## **CONCLUSION**

Based on the foregoing, the Moving Defendants respectfully request this Court to dissolve the temporary restraining order.

Date: February 20, 2022                    Respectfully submitted,

                                           /s/ Shengmao Mu
                                           SHENGMAO MU

                                           Whitewood Law PLLC
                                           57 West, 57th Street,
                                           3rd and 4th Floors,
                                           New York, NY, 10019
                                           Telephone (917)-858-8018
                                           Facsimile (917)- 591-0618
                                           mousamuel@whitewoodlaw.com

                                           Attorney for Defendants